## Evans, Appellant, v. Franklin, Respondent.

1. It is too late, after verdict in an action for slander, to object to the sufficiency of the justification set forth in the answer.

### Appeal from Dallas Circuit Court.

This was an action for slanderous words. The slanderous words charged, leaving out the innuendoes, are: " He stole my cow ;" " Henry Evans stole my cow;" " he had stolen a cow ;" " he had stolen a cow belonging to the estate of James Franklin ;" " he had stolen a cow belonging to the estate of James Franklin, deceased." " Henry Evans had stolen a cow belonging to the estate of James Franklin, deceased."

The answer denies specifically the speaking of the words charged; and proceeds thus: " And the said defendant for further answer says, he did say that plaintiff had stolen a certain red cow belonging to the estate of James Franklin, deceased; and well he might have so said, for he here avers, and so charges the fact to be, that he, said plaintiff, did steal a certain red cow belonging to the estate of James Franklin, deceased, some time in the year 1855 ; and said defendant for further answer denies that the plaintiff has sustained damages," &c.

The jury found a verdict for defendant.

*Wright* for appellant.

I. The pretended justification in the answer was a nullity and should have been so treated. (3 How. Prac. R. 406.)

II. The court erred in giving the instructions asked on the part of defendant. The court erred in admitting any evidence in support of the supposed plea of justification. There was no evidence tending to show that plaintiff had been guilty of stealing. The evidence was not sufficient to prove even a trespass.

*W. P. Johnson,* for respondent.

I. If there was any objection to the answer the plaintiff should have moved the court to strike out the objectionable

parts ; or, if wholly insufficient, asked judgment for want of an answer.    It was too late after verdict to object to the answer.    The cause was fairly submitted to the jury.

RICHARDSON, Judge, delivered the opinion of the court.

It does not appear from the bill of exceptions that any exceptions were taken to the admission or exclusion of evidence, and, though it is stated that the defendant excepted to the instructions given *for himself*, it is not shown that the plaintiff objected or excepted to any of the instructions.

The plaintiff did not object to the answer until after the verdict.    It was then too late, for it is settled that in actions of libel or slander the plaintiff can not object, on the trial or after the verdict, that a plea of justification is insufficient; and however insufficient it may be the defendant will be entitled to a verdict, if it be proved.    (Edwards v. Walter, 3 Stark. 7.)    Though the answer is informal, we think it presented only the issue of justification, and the general finding of the jury in favor of defendant was in proper form.    The evidence was conflicting, and though we might think that the verdict should have been for the plaintiff, it is not so grossly against the evidence as to warrant the interference of this court.

The judgment will be affirmed, with the concurrence of the other judges.